UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
IYKE CHURCHILL,

                Plaintiff,

-against-

CITY OF MOUNT VERNON,
LIEUTENANT EDWARD ADINARO,
DETECTIVE ENZO BAIA, DETECTIVE
MARTIN BAILEY, DETECTIVE R. BONCARDO,
DETECTIVE FEGAN GEORGIO, DETECTIVE
MASPROGIORGIO, DETECTIVE GEORGE OSSIPO
John Doe #1, John Doe #2 and Jane Doe,
(first names and complete names of some individuals
listed above are to be determined)

                Defendants.
-------------------------------------------------------------------X

**COMPLAINT**

Docket No. _____

**08 CIV. 0255**

*JUDGE ROBINSON*

## INTRODUCTION

1.    This is a civil action to recover money damages for general, special and punitive damages, including damages for personal injuries, pain and suffering, mental anguish, shame, humiliation, injury to reputation, loss of earnings and property damages and property losses arising from violations of the constitutional, civil and common-law rights of Plaintiff Iyke Churchill and related damages to redress the injuries caused to plaintiff as a result of the willful, wanton, malicious, reckless, careless and negligent conduct committed by Defendants City of Mount Vernon, by its agents, servants and/or employees, including, and individually, Defendants Lieutenant Edward Adinaro, Detective Enzo Baia, Detective Martin Bailey, Detective R. Boncardo, Detective Fegan Georgio, Detective Masprogiorgio, Detective George Ossipo and others, including but not limited to the violation of plaintiff's constitutional and civil rights under the First, Fourth, Fifth and Fourteenth Amendments of the Federal Constitution, false imprisonment, property damages and loss of plaintiff's personal property under the laws of the State of New York, and other violations under USCA §§ 1983, 1985(3), et seq.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the action pursuant to 42 U.S.C. 1981 and 28 U.S.C. §§ 1343 and 1367.

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 (b), in that a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in the Southern District of New York.

## THE PARTIES

### Plaintiff

4. At all relevant times herein, Plaintiff Iyke Churchill lawfully resided in the City of Mount Vernon, County of Westchester, State of New York.

5. Plaintiff is a male African-American.

6. On January 19, 2007, Plaintiff was 47 years of age, with three children and three grandchildren.

7. On January 19, 2007, Plaintiff was provisionally employed as an electronics cable technician at BTX Technologies, Inc. ("BTX"), in Hawthorne, New York, on behalf of First Place Staffing, Inc., in Harrison, New York, an employment agency.

### Defendants

8. Defendant City of Mount Vernon ("Mount Vernon") was and still is a municipal corporation duly authorized and existing under and by virtue of the laws of the State of New York.

9. At all relevant times herein, Mount Vernon maintained a police force called the City of Mount Vernon Police Department (the "police department"), with headquarters at 2 Roosevelt Square North, Mount Vernon, Westchester County, New York ("headquarters").

10. Mount Vernon had in its employ police officers and other law enforcement personnel of various ranks.

11. Upon information and belief, and at all relevant times herein, Mount Vernon employed Lieutenant Edward Adinaro ("Lieutenant Adinaro").

12. Upon information and belief, at all relevant times herein, and particularly on January 19, 2007, Lieutenant Adinaro was employed as an executive, supervising officer for the police department.

13. Upon information and belief, and at all relevant times herein, Lieutenant Adinaro was acting within the course and scope of his employment with Mount Vernon.

14. Upon information and belief, and at all relevant times herein, Mount Vernon employed Defendant Detective Enzo Baia ("Detective Baia").

15. Upon information and belief, and at all relevant times herein, Detective Baia was acting within the course and scope of his employment with Mount Vernon.

16. Upon information and belief, and at all relevant times herein, Mount Vernon employed Defendant Detective Martin Bailey ("Detective Bailey").

17. Upon information and belief, and at all relevant times herein, Detective Bailey was acting within the course and scope of his employment with Mount Vernon.

18. Upon information and belief, and at all relevant times herein, Mount Vernon employed Defendant Detective R. Boncardo ("Detective Boncardo").

19. Upon information and belief, and at all relevant times herein, Detective Boncardo was acting within the course and scope of his employment with Mount Vernon.

20. Upon information and belief, and at all relevant times herein, Mount Vernon employed Defendant Detective Fegan Georgio ("Detective Georgio").

21. Upon information and belief, and at all relevant times herein, Detective Georgio was acting within the course and scope of his employment with Mount Vernon.

22. Upon information and belief, and at all relevant times herein, Mount Vernon employed Defendant Detective Masprogiorgio ("Detective Masprogiorgio").

23. Upon information and belief, and at all relevant times herein, Detective Masprogiorgio was acting within the course and scope of his employment with Mount Vernon.

24. Upon information and belief, and at all relevant times herein, Mount Vernon employed Defendant Detective George Ossipo ("Detective Ossipo").

25. Upon information and belief, and at all relevant times herein, Detective Ossipo was acting within the course and scope of his employment with Mount Vernon.

26. Upon information and belief, and at all relevant times herein, Mount Vernon employed two other male police detectives and a female police detective whose identities are unknown to plaintiff and are herein called Defendants John Doe #1 and #2 and Jane Doe.

27. Upon information and belief, and at all relevant times herein, John Doe #1 and #2 and Jane Doe were acting within the course and scope of their employment with Mount Vernon.

## NOTICE OF CLAIM

28. On or about April 12, 2007, prior to the commencement of this action, and within the time prescribed by New York State law, a sworn Notice of Claim, stating, among other things, the times and place where plaintiff suffered damages, together with plaintiff's demand for adjustment thereof, was duly served on behalf of plaintiff upon the Department of Law of the City of Mount Vernon, the attorney for Mount Vernon. Thereafter, Mount Vernon refused or neglected for more than thirty days, and up to the commencement of this action, to make any adjustment or payment thereof and plaintiff commenced this action within the time provided by New York State law.

29. On July 24, 2007, a statutory hearing was held pursuant to section 50-h of the General Municipal Law of the State of New York at the office of the attorney for Mount Vernon, its agents, servants and employees, including Defendants Lieutenant Adinaro, Detective Baia, Detective Bailey, Detective Boncardo, Detective Georgio, Detective Masprogiorgio, Detective Ossipo, John Doe #1 and #2 and Jane Doe.

30. Plaintiff has complied with all conditions precedent under the laws of the State of New York to bring this action and to enforce indemnification from Mount Vernon on behalf of the individual defendants, including the filing a notice of claim.

31. This action is being commenced within one year and ninety days after accrual of this cause of action, or within the time allowed by law.

**FACTUAL BACKGROUND**

32. On January 19, 2007, at approximately 7:00 a.m., plaintiff was lawfully driving his personal vehicle on South Thirteenth Avenue in the City of Mount Vernon, several street blocks from his home on South Ninth Avenue. Plaintiff was en route to work at BTX.

33. While driving at the corner of South Thirteenth Street near Second Street, approximately six plain-clothed members of the police department arrived in two dark-colored sedan vehicles, surrounded plaintiff's vehicle and approached plaintiff with their guns drawn. Lieutenant Adinaro and Detective Baia were among these six plain-clothed members of the police department.

34. Lieutenant Adinaro and Detective Baia and other members of the police department ordered plaintiff to exit his vehicle, placed him in custody and took plaintiff to the police department's headquarters.

35.  Defendants held plaintiff in police custody from approximately 7:00 a.m. on January 19, 2007, until approximately 7:00 p.m. on January 20, 2007, a total of approximately thirty-six hours.

36.  Defendants never filed any criminal charges with any prosecuting attorney against plaintiff.

37.  Defendants never took plaintiff before any judge or magistrate in connection with their arrest and 36-hour detention of plaintiff.

38.  During the 36-hour period that defendants detained plaintiff, defendants conspired to coerce a confession from plaintiff by methods that included humiliation, sleep deprivation, and excessive physical force.

39.  First, Lieutenant Adinaro and Detective Baia placed plaintiff inside a first floor interrogation room at the police headquarters, where defendants confiscated plaintiff's personal property, including two cellular telephones, car keys, wallet, identification papers and jewelry.

40.  Defendants Lieutenant Adinaro and Detective Baia and other members of the police department placed plaintiff in handcuffs and ankle-shackles.

41.  Members of the police department, including individuals whose identities are known, in part, as Lieutenant Adinaro, Detective Baia, Detective Bailey, Detective Boncardo, Detective Georgio, Detective Masprogiorgio and Detective Ossipo, or only has John Doe #1 and #2 and Jane Doe (hereafter "the police officers"), informed plaintiff that they were conducting a homicide investigation and sought to obtain plaintiff's confession to the murder, which plaintiff was told had occurred two weeks earlier on January 5, 2007.

42.  Plaintiff repeatedly told the police officers that he had not committed any crime and that he had no knowledge of the alleged murder. Plaintiff repeatedly refused to confess to any crime.

43. While plaintiff was handcuffed, shackled and harmless, and within the confines of the police department headquarters, the officers punched, pushed, slapped and kicked plaintiff about his body, including manually pressing and manually squeezing the blood vessels and muscles along the back of plaintiff's neck.

44. Detective Bailey punched plaintiff on the left side of his head and on plaintiff's left shoulder.

45. Detective Bailey and another officer, whose identify is presently unknown, pushed plaintiff on his back.

46. Detective Bailey and Detective Ossipo repeatedly slapped plaintiff on his right and left jaws, and on plaintiff's face, head and shoulders.

47. Detective Bailey kicked plaintiff on his lower left leg.

48. Detective Bailey spread plaintiff's left thumb away from his left index finger with manual pressure.

49. Detective Bailey manually squeezed and applied pressure to the blood vessels and muscles along the back of plaintiff's neck.

50. During the infliction of excessive physical force upon plaintiff, police officers hurled racial epithets at him.

51. Detective Bailey and Detective Ossipo called plaintiff a "nigger."

52. Detective Bailey called plaintiff an "African ju-ju," a racially derogatively term.

53. Detective Bailey and Detective Ossipo derogatively called plaintiff a "third-world people" and "third-world person."

54. Plaintiff is a devoted observant of the African Orthodox religious faith. Plaintiff and his spouse participated in humanitarian missions sponsored by plaintiff, his spouse and

members of his religious congregation. On January 19, 2007, plaintiff proudly wore a large crucifix necklace as a proclamation of his faith.

55. Detective Bailey and Jane Doe, a Hispanic female, plain-clothed police detective, called plaintiff "ungodly" to ridicule and denigrate plaintiff's religious faith.

56. Detective Bailey removed the crucifix from around plaintiff's neck and demanded that plaintiff denounce "your god" or "ask your god to come down and save you from us."

57. Lieutenant Adinaro and other members of the police department refused and neglected to come to plaintiff's aid or to prevent further injury and abuse of plaintiff.

58. During the evening of January 19, 2007, and the early morning of January 20, 2007, the police officers under the supervision of Lieutenant Adinaro removed plaintiff's pants, jacket, shirt, shoes, hat and prescriptive eyeglasses.

59. Under the supervision of Lieutenant Adinaro, the police officers continued to deprive plaintiff of his liberty and freedom by imprisoning him in a basement-holding cell at the police department's headquarters.

60. On January 20, 2007, at approximately 10:00 a.m., the defendants transported plaintiff in handcuffs and ankle-shackles from the police department's headquarters to a New York City Police Department stationhouse in the Borough of the Bronx, City and State of New York (the "Bronx").

61. In the Bronx, Lieutenant Adinaro and Detective Baia placed plaintiff in an identification line-up. Upon information and belief, plaintiff was not identified as the perpetrator of any crimes by anyone who viewed the line-up.

62. At approximately 1:00 p.m., after the line-up, Lieutenant Adinaro and Detective Baia transported plaintiff, in handcuffs and ankle-shackles, back to the police department headquarters in Mount Vernon. During the trip to return to the police department headquarters

8

and in the presence of Lieutenant Adinaro, Detective Baia falsely told plaintiff that a witness had identified him in the line-up as the perpetrator of the homicide under investigation.

63. Upon returning with plaintiff to the police department headquarters, Lieutenant Adinaro and Detective Baia placed plaintiff in a room on the first floor, designated as a Narcotics office, in the custody of John Doe #1 and #2, two plain-clothed detectives whose identities are presently unknown, who continued to demand that plaintiff confess to committing the murder under investigation.

64. Plaintiff continued to assert his innocence.

65. On January 20, 2007, between 6:00 p.m. and 7:00 p.m., the handcuffs and shackles were removed from plaintiff's hands and ankles, approximately six hours after plaintiff had not been identified in the line-up held in the Bronx. Detective Baia told plaintiff that "a mistake has been made here, but now you can go home."

66. Detective Baia nevertheless threatened further police action when he told plaintiff that "he should not go too far."

67. On January 20, 2007, between approximately 6:00 p.m. and 7:00 p.m., plaintiff's personal property was returned to him and he was permitted to leave the police department headquarters.

68. During the approximately thirty-six hour period that the defendants detained plaintiff, the defendants refused to provide the plaintiff with food and an opportunity to sleep.

69. Plaintiff is afflicted with the medical condition of hypertension and had been prescribed daily doses of Norvasc for this condition. Plaintiff repeatedly requested that Lieutenant Adinaro and Detective Baia permit him to administer his prescribed medication. Lieutenant Adinaro and Detective Baia repeatedly refused plaintiff's request.

70. Plaintiff perspired, cried and experienced cold sweats because he had been deprived the use of his prescribed medication.

71. The employees of the police department did not permit plaintiff to retrieve his personal vehicle until Tuesday, January 23, 2007. When plaintiff retrieved his vehicle from the custody of the police department, he discovered that it had been damaged. The battery had fully discharged, the heat blower was damaged and did not operate, the driver's door panel had been completely torn from the door and the carpeting had been torn from the floor of the vehicle.

72. In the evening of January 20, 2007, plaintiff returned to his home on South Ninth Avenue in the City of Mount Vernon and observed a copy of a search warrant that had been issue to Detective Baia. The warrant was dated January 19, 2007, the same date that plaintiff was abducted from the street. The warrant mentioned the named of the homicide victim.

73. Plaintiff further discovered that his home had been searched and ransacked, and discovered that cherished artifacts in his home had been damaged. Plaintiff later discovered that jewelry had removed stolen from his home.

74. On Monday, January 22, 2007, plaintiff sought medical evaluation and treatment at the Mount Vernon Hospital. Plaintiff complained of pain on the side of his head, pain and swelling on his face, pain on his neck and pain to his left thumb. The medical providers at the hospital diagnosed contusions to plaintiff's head and face, and muscle strain to plaintiff's neck and prescribed pain medication for plaintiff.

75. On February 6, 2007, plaintiff returned to the Mount Vernon Hospital, complaining of continued pain to the left side of his face and an unusual twitching sensation.

76. On April 27, 2007, and May 1, 2007, plaintiff sought dental care for painful teeth, resulting in the removal of a tooth and the loss of the filling in another tooth. Upon information

and belief, these conditions were the result of the excessive force applied to plaintiff's face and jaw at the police department headquarters.

77.    On or about April 6, 2007, BTX dismissed plaintiff from his provisional employment solely due to his absence from work on Friday, January 19, 2007, the day of his unlawful detention by the defendants, Monday, January 22, 2007, and Tuesday, January 23, 2007, the following business days.

78.    On or about March 22, 2007, plaintiff learned from reports on a local cable television news broadcast and a local newspaper article that the police department had arrested another individual for the homicide of the victim named in the warrant that plaintiff had found in his home. The news article reported that the suspect was 25 years of age, approximately half the age of plaintiff.

## AS AND FOR THE FIRST COUNT

79.    Plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 78 inclusive, with the same force and effect as if more fully set forth herein.

80.    Mount Vernon, by virtue of the supervisory role of executive officer Lieutenant Adinaro, and Lieutenant Adinaro, Detective Baia, Detective Bailey, Detective Boncardo, Detective Georgio, Detective Masprogiorgio and Detective Ossipo acted individually and in concert, to willfully, knowingly and maliciously deprive plaintiff of his Constitutional and Civil rights secured under the Fourth Amendment of the United States Constitution, including his right not to be subjected to excessive and abusive physical force.

81.    The conduct of these defendants caused plaintiff to sustain pain, mental anguish, shame, humiliation, injury to his reputation, loss of earnings and loss of his employment, all of

which could have been avoided by the exercise of due and reasonable care on the part of these defendants.

82.    By reason of the foregoing, plaintiff has suffered damages in an amount of One Million ($1,000,000.00) Dollars.

## AS AND FOR THE SECOND COUNT

83.    Plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 82, inclusive, with the same force and effect as if more fully set forth herein.

84.    Mount Vernon, by virtue of the supervisory role of executive officer Lieutenant Adinaro, and Lieutenant Adinaro, Detective Baia, Detective Bailey, Detective Boncardo, Detective Georgio, Detective Masprogiorgio, Detective Ossipo and John Doe #1 and #2 acted individually and in concert, to willfully, knowingly and maliciously deprive plaintiff of his constitutional and civil rights secured under the Fourth Amendment of the United States Constitution, including his right not to be subjected to unreasonable seizure and detention.

85.    The conduct of defendants caused plaintiff to sustain mental anguish, shame, humiliation, punishment, injury to his reputation, loss of earnings, and loss of his employment, all of which could have bee avoided by the exercise of due and reasonable care on the part of these defendants.

86.    By reason of the foregoing, plaintiff has suffered damages in an amount of One Million ($1,000,000.00) Dollars.

## AS AND FOR THE THIRD COUNT

87.    Plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 86, inclusive, with the same force and effect as if more fully set forth herein.

88. Mount Vernon, by virtue of the supervisory role of executive officer Lieutenant Adinaro, and Lieutenant Adinaro, Detective Baia, Detective Bailey, Detective Boncardo, Detective Georgio, Detective Masprogiorgio, Detective Ossipo and John Doe #1 and #2, acting individually and in concert, willfully, knowingly, maliciously, unlawfully and unreasonably arrested and detained plaintiff, thereby depriving him of his constitutional and civil rights secured under the Fifth and Fourteenth Amendments of the United States Constitution, including his right not to be deprived of liberty without due process of law and his right to equal protection of the laws.

89. The conduct of the defendants as set forth above caused plaintiff to sustain mental anguish, shame, humiliation, punishment, injury to his reputation, loss of earnings and loss of his employment, all of which could have been avoided by the exercise of due and reasonable care on the part of these defendants.

90. By reason of the foregoing, plaintiff has suffered damages in an amount of One Million ($1,000,000.00) Dollars.

**AS AND FOR THE FOURTH COUNT**

91. Plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 90, inclusive, with the same force as if more fully set forth herein.

92. Mount Vernon, by virtue of the supervisory role of executive officer Lieutenant Adinaro, and Lieutenant Adinaro, Detective Baia, Detective Bailey, Detective Boncardo, Detective Georgio, Detective Masprogiorgio and Detective Ossipo, acting individually and in concert, willfully, knowingly, maliciously, unlawfully and with deliberate indifference to plaintiff's hypertensive medical condition, deprived plaintiff of his constitutional and civil rights secured under the Fifth and Fourteenth Amendments of the United States Constitution, including his right of due process of law and his right to equal protection of the laws.

93. The conduct of the defendants caused plaintiff to sustain chest pain, palpitations, dizziness and mental anguish, all of which could have been avoided by the exercise of due and reasonable care on the part of these defendants.

94. By reason of the foregoing, plaintiff has suffered damages in an amount of One Million ($1,000,000.00) Dollars.

## AS AND FOR THE FIFTH COUNT

95. Plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 94, inclusive, with the same force as if more fully set forth herein.

96. Detective Bailey, Detective Ossipo and Jane Doe, acting individually and in concert, wantonly, maliciously, consciously and intentionally interfered with plaintiff's constitutional and civil rights secured under the First Amendment of the United States Constitution, including plaintiff's right to the free exercise of religion.

97. The conduct of these defendants caused plaintiff to sustain mental anguish, shame and humiliation.

98. By reason of the foregoing, plaintiff has suffered damages in an amount of One Million ($1,000,000) Dollars.

## AS AND FOR THE SIXTH COUNT

99. Plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 98, inclusive, with the same force and effect as if more fully set forth herein.

100. Mount Vernon, by virtue of the supervisory role of executive officer Lieutenant Adinaro, and Lieutenant Adinaro, Detective Baia, Detective Bailey, Detective Boncardo, Detective Georgio, Detective Masprogiorgio, Detective Ossipo, John Doe #1 and #2 and Jane Doe, acting individually, in concert and acting under color of authority, intentionally, unlawfully,

unreasonably, wantonly, maliciously and recklessly arrested and detained plaintiff, and thereby deprived plaintiff of his rights and privileges secured under the constitution and laws of the United States, contrary to and in violation of 42 U.S.C. §1983, et. seq.

101.    The acts of the defendants described above caused plaintiff to sustain mental anguish, shame, humiliation, punishment, injury to his reputation, loss of earnings and loss of his employment, all of which could have been avoided by the exercise of due and reasonable care on the part of these defendants.

102.    By reason of the foregoing, plaintiff has suffered damages in an amount of One Million ($1,000,000.00) Dollars, and seeks punitive damages.

## AS AND FOR THE SEVENTH COUNT

103.    Plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 102, inclusive, with the same force and effect as if more fully set forth herein.

104.    Mount Vernon, by virtue of the supervisory role of executive officer Lieutenant Adinaro, and Lieutenant Adinaro, Detective Baia, Detective Bailey, Detective Boncardo, Detective Georgio, Detective Masprogiorgio and Detective Ossipo, acting individually, in concert and acting under color of authority, conspired to willfully, knowingly and maliciously deprive plaintiff of the equal protection of the laws, contrary to and in violation of 42 U.S.C. §1985, et. seq.

105.    Defendants' conduct caused plaintiff to sustain mental anguish, shame, humiliation, punishment, injury to his reputation, loss of earnings and loss of his employment, all of which could have been avoided by the exercise of due and reasonable care on the part of these defendants.

106.   By reason of the foregoing, plaintiff has suffered damages in an amount of One Million ($1,000,000.00) Dollars, and seeks recovery of all other permissible damages.

## AS AND FOR THE EIGHTH COUNT

107.   Plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 106, inclusive, with the same force and effect as if more fully set forth herein.

108.   The aforesaid excessive force, unlawful arrest, detention and imprisonment of plaintiff was caused to occur due to the negligence, carelessness and recklessness of Mount Vernon.

109.   Mount Vernon, by virtue of the supervisory role of executive officer Lieutenant Adinaro, was negligent, careless and reckless in its failure to promulgate, institute, maintain and enforce policies and practices to safeguard against the unconstitutional, unjustified and unreasonable deprivation of plaintiff's rights and privileges under the laws of the United States and the State of New York.

110.   By reason of the aforesaid negligent, careless, and reckless conduct, plaintiff sustained physical injury, mental anguish, shame, humiliation, injury to his reputation, loss of earnings and loss of his employment.

111.   By reason of the foregoing, plaintiff has suffered damages in an amount of One Million ($1,000,000.00) Dollars.

## AS AND FOR THE NINTH COUNT

112.   Plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 111, inclusive, with the same force and effect as if more fully set forth herein.

113. Mount Vernon, its agents, servants and employees, including, and individually, Lieutenant Adinaro, Detective Baia, Detective Bailey, Detective Boncardo, Detective Georgio, Detective Masprogiorgio, Detective Ossipo and John Doe #1 and #2, falsely imprisoned plaintiff in violation of the common-law of the State of New York, without probable cause or reasonable suspicion or belief that plaintiff had committed any crime, without plaintiff's consent and without any other privilege to do so.

114. The aforesaid acts of defendants caused plaintiff to sustain mental anguish, shame, humiliation, injury to his reputation and economic damages, including loss of earnings and loss of his employment, all of which could have been avoided by the exercise of due and reasonable care on the part of these defendants.

115. By reason of the foregoing, plaintiff suffered damages in an amount of One Million ($1,000,000.00) Dollars.

## AS AND FOR THE TENTH COUNT

116. Plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 115, inclusive, with the same force and effect as if more fully set forth herein.

117. The damages to plaintiff's property and loss of plaintiff's personal property was caused to occur due to the negligence, carelessness and recklessness of Mount Vernon, its agents, servants and employees, including, and individually, Lieutenant Adinaro and Detective Baia.

118. By reason of the foregoing, plaintiff sustained property damages and the loss of personal property.

**WHEREFORE**, Plaintiff Iyke Churchill demands judgment against Defendants City of Mount Vernon, Lieutenant Edward Adinaro, Detective Enzo Baia, Detective Martin Bailey,

Detective R. Boncardo, Detective Fegan Georgio, Detective Masprogiorgio, Detective George Ossipo, John Doe #1, John Doe #2 and Jane Doe, as more fully set forth above, on the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Counts in the sum of One Million ($1,000,000.00) Dollars and punitive damages, and on the Tenth Count, property replacement costs, together with costs, interest, disbursements and such other and further relief, which to this Court seems just, fair and proper.

Pursuant to 42 U.S.C. §1988(b), plaintiff is entitled to a reasonable allowance for attorneys' fees as part of his costs.

Plaintiff hereby demands that all issues in this case be tried by jury.

Yours, etc.,

Law Offices of Anselmo A. Alegria
Attorneys for Plaintiff Iyke Churchill
245 Main Street
White Plains, NY 10601
(914) 761–1133

By: _____
Anselmo A. Alegria (AA-5389)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
IYKE CHURCHILL,

                            Plaintiff,                                              JURY DEMAND

                      -against-

CITY OF MOUNT VERNON,
LIEUTENANT EDWARD ADINARO,
DETECTIVE ENZO BAIA, DETECTIVE MARTIN
BAILEY, DETECTIVE R. BONCARDO,
DETECTIVE FEGAN GEORGIO, DETECTIVE
MASPROGIORGIO, DETECTIVE GEORGE
OSSIPO, John Doe #1, John Doe #2 and
Jane Doe,
(first names and complete names of some individuals
listed named above are to be determined),

                           Defendants.
------------------------------------------------------------------X

**COUNSELORS:**

       **PLEASE TAKE NOTICE** that plaintiff hereby demands that all issues in this case be tried by Jury.

Dated: White Plains, New York
        January _11_, 2008

                                                  Yours, etc.,

                                                  Law Offices of Anselmo A. Alegria
                                                  Attorneys for Plaintiff Iyke Churchill
                                                  245 Main Street
                                                  White Plains, NY 10601
                                                  (914) 761–1133

                                    By:  _____
                                              Anselmo A. Alegria (AA-5389)

To:

      CORPORATION COUNSEL OF THE CITY OF MOUNT VERNON
      Attorneys for Defendant City of Mount Vernon
      1 Roosevelt Square
      Mount Vernon, NY 10550

Lieutenant Edward Adinaro
Mount Vernon City Police Department
2 Roosevelt Square North
Mount Vernon, NY 10550

Detective Enzo Baia
Mount Vernon City Police Department
2 Roosevelt Square North
Mount Vernon, NY 10550

Detective Martin Bailey
Mount Vernon City Police Department
2 Roosevelt Square North
Mount Vernon, NY 10550

Detective R. Boncardo
Mount Vernon City Police Department
2 Roosevelt Square North
Mount Vernon, NY 10550

Detective Fegan Georgio
Mount Vernon City Police Department
2 Roosevelt Square North
Mount Vernon, NY 10550

Detective Masprogiorgio
Mount Vernon City Police Department
2 Roosevelt Square North
Mount Vernon, NY 10550

Detective George Ossipo
Mount Vernon City Police Department
2 Roosevelt Square North
Mount Vernon, NY 10550